**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-12-0000971**
**18-OCT-2013**
**09:03 AM**

NO. CAAP-12-0000971

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
KESLY LEWIS, Defendant-Appellant
(CR. NO. 11-1-0990)

and

STATE OF HAWAI'I, Plaintiff-Appellee, v.
KESLY LEWIS, Defendant-Appellant
(CR. NO. 11-1-1051)

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Ginoza, JJ.)

Defendant-Appellant Kesly Lewis (Lewis) appeals from the October 2, 2012 Judgments entered in Cr. No. 11-1-0990 and Cr. No. 11-1-1051 for two counts of Robbery in the Second Degree in violation of Hawaii Revised Statutes (HRS) § 708-841(1)(b) (Supp. 2012) and two counts of Robbery in the First Degree in violation of HRS § 708-840(1) (Supp. 2012) respectively. The Circuit Court of the First Circuit (Circuit Court)[1] sentenced Lewis to, *inter alia*, two terms of ten years incarceration for the counts in Cr. No. 11-1-0990, and two terms of twenty years for the counts in Cr. No. 11-1-1051, all terms to run concurrently.

On appeal, Lewis raises a single point of error, maintaining that the Circuit Court "erred in concluding that

---

[1] The Honorable Michael D. Wilson presided.

[Lewis] was not eligible to be sentenced as a Young Adult Defendant pursuant to HRS § 706-667 [Supp. 2012)]."[2] Lewis argues that the Circuit Court erred because it (1) relied upon certain Family Court records in determining Lewis had been adjudicated for felony offenses and (2) ruled these adjudications disqualified Lewis from Young Adult Defendant (YAD) sentencing where Family Court jurisdiction had not been "waived with respect to the felony offenses."

After a careful review of the issues raised, the arguments presented, the record and the applicable authority, we resolve Lewis's appeal as follows.

1.    Lewis argues that the evidence presented that disqualified him from being sentenced as a YAD was insufficient. He argues that the information contained in the Presentence Diagnosis and Report (PDR) and the records obtained from the

---

[2]    **§706-667  Young adult defendants.**  (1) Defined.  A young adult defendant is a person convicted of a crime who, at the time of the offense, is less than twenty-two years of age and who has not been previously convicted of a felony as an adult or adjudicated as a juvenile for an offense that would have constituted a felony had the young adult defendant been an adult.

(2) Specialized correctional treatment. A young adult defendant who is sentenced to a term of imprisonment exceeding thirty days may be committed by the court to the custody of the department of public safety and shall receive, as far as practicable, such special and individualized correctional and rehabilitative treatment as may be appropriate to the young adult defendant's needs.

(3) Special term. A young adult defendant convicted of a felony, in lieu of any other sentence of imprisonment authorized by this chapter, may be sentenced to a special indeterminate term of imprisonment if the court is of the opinion that such special term is adequate for the young adult defendant's correction and rehabilitation and will not jeopardize the protection of the public. When ordering a special indeterminate term of imprisonment, the court shall impose the maximum length of imprisonment, which shall be eight years for a class A felony, five years for a class B felony, and four years for a class C felony. The minimum length of imprisonment shall be set by the Hawaii paroling authority in accordance with section 706-669. During this special indeterminate term, the young adult shall be incarcerated separately from career criminals, when practicable.

This section shall not apply to the offenses of murder or attempted murder.

Family Court regarding his adjudications in the Family Court, could not sufficiently prove the disqualifying adjudications. Without citation to any applicable authority, Lewis argues that the sentencing procedures imposed in the enhanced sentencing context should apply here.

We reject Lewis's argument. He was sentenced in these cases to ordinary terms of imprisonment under HRS §§ 706-659 (Supp. 2011) (Sentence of imprisonment for class A felony) and 706-660 (1993) (Sentence of imprisonment for class B and C felonies; ordinary terms), to which no special procedures apply. In ordinary sentencing, the rules of evidence do not apply. Hawaii Rules of Evidence Rule 1101(d)(3); State v. Loa, 83 Hawai'i 335, 355, 926 P.2d 1258, 1278 (1996). More importantly, the Circuit Court was specifically authorized to consider Lewis's juvenile record in deciding whether he was entitled to YAD sentencing. State v. Nobriga, 56 Haw. 75, 83, 527 P.2d 1269, 1274 (1974) (holding that HRS § 706-602 (Supp. 1973) authorized the use of juvenile record in the presentence report for purposes of sentencing).

Moreover, Lewis asked the Circuit Court to sentence him as a YAD. The burden was on him to come forward with evidence of some kind showing that he did not have a disqualifying adjudication or conviction on his record. See United States v. Hagan, 412 F.3d 887, 893 (8th Cir. 2005) (defendant has burden of proof to show eligibility for downward departure); See also United States v. Butler, 970 F.2d 1017, 1026 (2nd Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease."). Not only did he fail to do so, he did not have any "additions or corrections" to the PDR when asked by the Circuit Court. His "objection" was to the inclusion of information in the PDR containing his adjudications in Family Court. This information has long been authorized by statutory and case law. Nobriga, 56 Haw. at 81, 527 P.2d at 1273 ("[W]e hold that HRS § 706-602 (Supp. 1973) authorized the use of appellant's juvenile court record in the presentence report made mandatory in this case[.]")

The Circuit Court did not abuse its discretion in considering information in the PDR or the Family Court records and, based upon these records, determining that Lewis did not qualify for YAD sentencing.

2. Relying on State v. Sylva, 61 Haw. 385, 389, 605 P.2d 496, 499 (1980), a case construing HRS § 853-4 governing deferred acceptance of guilty or nolo contendere pleas, Lewis argues on appeal that, even if the Circuit Court could properly consider his juvenile records, those adjudications did not disqualify him from YAD sentencing because the Family Court did not waive jurisdiction over him and he was not tried as an adult for those offenses. Lewis's reliance on Sylva is misplaced and the Circuit Court did not plainly err in applying the YAD statute to him.

The Hawai'i Supreme Court has reviewed the YAD statute, found its language unambiguous, and specifically declined to apply its Sylva analysis to the YAD statute. State v. Daugherty, 71 Haw. 609, 610, 801 P.2d 553, 555 (1990). While the court did not discuss whether such a construction would yield an absurd result, we conclude that the scenarios posited by Lewis are unsupported and unpersuasive.

Therefore, the October 2, 2012 Judgments of the Circuit Court of the First Circuit entered in Cr. No. 11-1-0990 and Cr. No. 11-1-1051 are affirmed.

DATED: Honolulu, Hawai'i, October 18, 2013.

On the briefs:

Randall K. Hironaka,
for Defendant-Appellant.

Presiding Judge

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge

4